## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

GENE DeSHAWN M. WATKINS                                                    PLAINTIFF

v.                                               CIVIL ACTION NO. 3:15-CV-571-JHM

WHAS 11 et al.                                                             DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Gene DeShawn M. Watkins, *pro se* and *in forma pauperis*, has brought a civil-rights complaint.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff alleges that his Thirteenth, Fourteenth, and Fifteenth Amendment rights have been violated.  He states:  "[M]y house is bugged I had my invention stolen from me due to espionage that news stations got federal bugs from agents and been listenin into my house my thoughts can be read threw the bugs."  He lists as Defendants WHAS 11, WAVE 3, MSNBC, Fox, BET, and ABC.  He alleges that his house is "bugged," that he has been watched by the FBI since 2000, and that he was taken hostage by the CIA.  He appears to allege that, because the "feds" had "earphones" in his house, they overheard him talking about his invention and then the "feds gave the earphones to NBC, WAVE 3, Fox, ABC, WHAS 11."  He asks for damages and injunctive relief.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Plaintiff cites to three constitutional amendments, he has no cause of action directly under the Constitution.  Instead, 42 U.S.C. § 1983 provides the exclusive remedy for bringing constitutional claims.  *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).  Therefore, the Court construes Plaintiff's claims as being

2

brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). The Constitution does not apply to the conduct of private persons; it applies to conduct by the government. Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.*

Here, Plaintiff has named as Defendants media companies. Nothing in Plaintiff's complaint shows that Defendants are state actors, *i.e.*, acted under color of state law. Therefore, this action must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, the Court finds that the instant action must be dismissed as frivolous. An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328). Here,

Plaintiff's claims "contain[] no legal theory upon which a valid federal claim may rest" and, to the extent they may be deciphered, are "delusional"; dismissal is appropriate. *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date:   October 5, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
4414.009

4